**YI CHI YANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 08–0957–ag.

United States Court of Appeals,
Second Circuit.

April 7, 2009.

Theodore N. Cox, New York, NY, for Petitioner.

Jessica Sherman (Gregory G. Katsas, Assistant Attorney General, Terri J. Scadron, Assistant Director, & Anthony Norwood, Senior Litigation Counsel, on the brief) Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Eric H. Holder, Jr. is automatically substituted for former United States Attorney General Michael B. Mukasey as Respondent in this case.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yi Chi Yang, a native and citizen of the People's Republic of China, seeks review of a January 30, 2008 order of the BIA affirming the May 24, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yi Chi Yang*, No. A 97 959 060 (B.I.A. Jan. 30, 2008), *aff'g* No. A 97 959 060 (Immig. Ct. N.Y. City Mar. 24, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA issues an opinion that fully adopts the IJ's findings and reasoning, this court reviews the IJ's decision. *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see In re J–Y–C–*, 24 I. & N. Dec. 260, 265 (B.I.A. Aug. 9, 2007).

Here, the agency's adverse credibility determination was supported by substantial evidence. The IJ properly noted that there were several inconsistencies between Yang's testimony and his asylum application. For example, such inconsistencies concerned: (1) Yang's testimony that there was an outstanding arrest warrant against him and that his father had been arrested when these alleged facts were omitted from his asylum application; and (2) Yang's testimony that he was an accountant and an electric welder for his father's factory in Jiangsu Province when his asylum application stated that he was an electric welder for a factory in Fujian Province. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, the IJ found that Yang was hesitant and non-responsive when asked about the discrepancies between his testimony and asylum application. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir. 2005) (affording particular deference to the trier of fact's assessment of demeanor). In addition to the inconsistencies and the IJ's demeanor finding, the IJ properly concluded that Yang's failure to provide corroborative evidence further undermined his credibility. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Taken as a whole, these findings were sufficient to support the IJ's conclusion that Yang was not credible and we therefore defer to that determination. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

Because the only evidence of a threat to Yang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal where both claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Yang failed to challenge the IJ's denial of his application for CAT relief either before the BIA or before this Court, thus abandoning any such arguments. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007) (per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).